UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4254

EARL LEE NOLTON, JR., a/k/a Eric
Gaiter, a/k/a Eric Ridley,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-96-120-DKC)

Submitted: September 16, 1997

Decided: October 6, 1997

Before NIEMEYER, LUTTIG, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Moffitt, ASBILL, JUNKIN & MOFFITT, CHTD., Wash-
ington, D.C., for Appellant. Lynne A. Battaglia, United States Attor-
ney, Odessa P. Jackson, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Earl Lee Nolton, Jr., appeals from his conviction upon a guilty plea to one count of distributing crack cocaine, 21 U.S.C. § 841(a)(1) (1994), for which he was sentenced to 262 months imprisonment. Nolton claims, first, that the government failed to prove that the substance described in the indictment as cocaine base was "crack" cocaine and, second, that guideline § 2D1.1 [1] is void for vagueness with respect to its definition of cocaine base. Finding both claims without merit, we affirm.

Nolton was indicted on nine counts of drug trafficking offenses after a series of controlled purchases by a cooperating witness. He pled guilty, pursuant to a plea agreement, to Count III (distributing cocaine base), reserving his "right to argue, at sentencing, that . . . the cocaine base purchased and/or seized in this case does not fall within the definition of `crack' as the term is defined in U.S.S.G. § 2D1.1, Note D." At Nolton's sentencing hearing, the government presented two witnesses, Federal Bureau of Investigation (FBI) Agent Kevin Ashby and Drug Enforcement Administration (DEA) chemist Lois Geer.

Ashby testified that, as lead investigator, he monitored each of the six controlled purchases from Norton, heat-sealing each substance retrieved from the cooperating witness for submission to the DEA laboratory. Ashby stated that, based on the appearance of the substances ("off-white color rock chunk-like substance") and discussions with the cooperating witness as to what he expected to purchase, in his opinion, the substances purchased from Nolton were "crack cocaine."

_____

[1] U.S. Sentencing Guidelines Manual (1995).

2

Geer testified that the substances at issue sent to the lab proved to be "cocaine base" and that cocaine base is"commonly referred to as `crack cocaine.'"**2** Geer also stated that in her thirteen years as a DEA chemist, she had never analyzed any other form of cocaine base other than what is called "crack cocaine." Nolton presented no expert testimony to rebut the government's experts.**3**

Nolton claims, first, that the Government failed to prove that the substance described in the indictment as "cocaine base" was "crack cocaine" within the definition of USSG § 2D1.1. We review the district court's finding on this issue for clear error. United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995).

Section 2D1.1, as amended in 1993, provides that:

> "Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

USSG § 2D1.1, Note D to Drug Quantity Table. We find that, under the definition provided above, the government met its burden of proving that the substance identified in the indictment was in fact "crack cocaine" under § 2D1.1. Therefore, the district court did not clearly err in this determination.

Nolton also asserts that the guidelines definition of cocaine base is unconstitutionally vague. We have considered and rejected this claim. See United States v. Fisher, 58 F.3d 96 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923); see also United States v. Canales, 91 F.3d 363 (2d Cir. 1996).

_____

**2** Two samples sent to the lab which were retrieved from Nolton's apartment upon his arrest tested as cocaine hydrochloride although they were initially identified by the Agent as "crack cocaine."

**3** However, the parties stipulated to the testimony of Nolton's expert witness who would have testified that the psychological and pharmacological effects of cocaine hydrochloride and cocaine base are identical.

3

Accordingly, Norton's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4